UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant. | Case No. 25-cv-07595-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

## I.　INTRODUCTION

In this action, Plaintiff Maria Lopez assert claims based on a slip and fall accident that occurred on September 10, 2023 at the Target retail store in Richmond, California ("Richmond Target"). Plaintiff initially filed the action in Contra Costa Superior Court, asserting claims of negligence and premises liability against Defendant Target Corporation ("Target") and Does 1-100 and served the complaint on Target on August 6, 2025. Target timely removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Presently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint and to Remand Action to State Court ("Motion"). A hearing on the Motion was held on October 29, 2025.  For the reasons stated below, the Motion is GRANTED as to Plaintiff's request for leave to amend.[1]

---

[1] All parties named in the original complaint have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) and therefore, the undersigned has jurisdiction to decide Plaintiff's motion to the extent she seeks leave to amend the complaint to add non-diverse parties.  Because a motion to remand is a dispositive motion, *see Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015), and the new defendants have not yet had an opportunity to either consent to magistrate judge jurisdiction or request reassignment to a district judge, Plaintiff's request to remand the action to State Court will be decided in a separate order.

## II. BACKGROUND

Plaintiff filed the initial complaint in Contra Costa Superior Court on July 28, 2025. In addition to naming Target, Plaintiff named Doe Defendants 1-100, who are were alleged to be Target's "agents, servants, employees, and/or joint venturers" and to be "acting within the course, scope, and authority of said agency, employment, and/or venture." Compl. ¶ 4. Plaintiff alleged that on September 10, 2023, she "was walking in an aisle of the cosmetics department" of the Richmond Target when she slipped "with great force" on a "cream-like substance" on the floor, causing her to suffer "severe and permanent injuries." *Id.* ¶¶ 7-9. Plaintiff asserts claims for negligence and premises liability against Target and the Doe defendants based on their alleged failure to maintain in safe condition the Richmond Target generally and the aisle where Plaintiff was injured specifically. *Id.* ¶¶ 14-30. Target filed its Answer in state court on September 5, 2025 and removed the action to this Court on the same date.

Plaintiff filed the instant Motion on September 22, 2025 seeking to add two new defendants, Raul Medina and Lotty Rocha, who are managers or supervisors at the Richmond Target who she alleges contributed to the unsafe condition that caused her accident. Motion at 3. According to Plaintiff, at the outset of the case she was unaware of the identities of these individuals, who were sued as Doe defendants, but their identities have now been uncovered through the investigation of her counsel. *Id.*; *see also* Declaration of Jamil Shaaban in Support of Plaintiff's Motion for Leave to File First Amended Complaint and to Remand Action to State Court ("Shaaban Decl."), ¶ 6.

Like Plaintiff, Rocha and Medina are alleged to be residents of Contra Costa County, California. Plaintiff's Proposed First Amended Complaint, dkt. no. 10-3 ("Proposed FAC") ¶¶ 1, 3. Target does not dispute this fact. Therefore, if the Court permits Plaintiff to amend her complaint to add these individuals as defendants, diversity will be destroyed and the case will be subject to remand under 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Plaintiff argues that the factors that federal courts consider in determining whether to

2

permit joinder of nondiverse parties where doing so will destroy diversity point in favor of allowing her to do so. Motion at 4 (citing *IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 D. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (1989)). Target contends Rocha and Medina are "sham" defendants and therefore that the Court should not permit Lopez to amend her complaint to add them as defendants.

## III.  ANALYSIS

Where a case has been removed from state court on the basis of diversity, "the district court has two options in dealing with an attempt to join a non-diverse party." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In particular, 28 U.S.C. § 1447(e) provides that under these circumstances, "the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* As the Ninth Circuit recognized in *Newcombe*, "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion" to decide which option is appropriate. *Id.*

In exercising their discretion under Section 1447(e), courts consider the following factors:

> 1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted). The court need not consider all of these factors, however. *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010). For example, in *Righetti v. Shell Oil Co.*, 711 F.Supp. 531, 534–35 (N.D. Cal. 1989), the court allowed joinder of a non-diverse defendant under section 1447(e) where the court found that the case was removed shortly after it was filed and no proceedings had occurred in state court, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant and no prejudice would result to defendant from the joinder.

The Court finds that the factors listed in *IBC Aviation* support permitting Lopez to amend

her complaint to add Rocha and Medina as defendants.

### A. Just Adjudication and Joinder Under Rule 19(a)

In *IBC Aviation*, the court explained that Rule 19 of the Federal Rules of Civil Procedure "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." 125 F. Supp. 2d at 1011 (citing Fed.R.Civ.P. 19(a)). According to the *IBC Aviation court*, "[a] necessary party is one 'having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.' " *Id.* (quoting *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991) (internal quotations and citation omitted)). "This standard is met when failure to join will lead to separate and redundant actions." *Id.* However, while "courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *Id.* at 1012 (citing *Trotman v. United Parcel Service*, 1996 WL 428333, *1 (N.D.Cal. 1996)). Thus, "[c]ourts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (citation omitted).

Target concedes that as store employees, Rocha and Medina can be independently liable for their own negligence to the extent their action or inaction contributed to Lopez's accident. Opposition at 3 ("As plaintiff notes in her moving papers, employees can be liable for their own negligence even if done in the course and scope of their employment."); *see also Peredia v. HR Mobile Servs.*, Inc., 25 Cal. App. 5th 680, 692 (2018) ("agents are responsible for their own independent torts committed during the course of their agency"). Nor does Target dispute that it could seek to limit its liability under Cal. Civ. Code section 1431.2, providing for several liability only (and not joint liability) on the part of joint tort-feasors as to noneconomic damages, by seeking to establish that Medina and Rocha, rather than Target, were responsible for Lopez's injuries. In that case, Lopez would be forced to initiate a separate proceeding against Medina and

Rocha in state court to obtain a full recovery. Therefore, this factor supports permitting Lopez to amend her complaint to add these defendants to this case.

### B.      Statute of Limitations

Target does not dispute that the applicable statute of limitations as to her claims against Rocha and Medina is the two-year limitations period that applies to personal injury claims under California law, Cal. Code Civ. Proc. section 335.1. Nor does it dispute that this limitations period expired on September 10, 2025. Therefore, this factor favors permitting Lopez to amend her complaint to add Rocha and Medina as defendants in this action.

### C.      Unexplained Delay

Lopez brought the instant Motion less than two months after filing the initial complaint and promptly after Target removed the case to federal court, before any dispositive motions have been filed. Therefore, this factor also supports granting the Motion. *See Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1100–01 (N.D. Cal. 2024) (in considering this factor, courts consider "the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed[ ]" and "also generally measure delay from the date of removal to determine whether an unreasonable delay has occurred.") (internal quotations and citations omitted).

### D.      Whether Claim Appears Valid or Was Brought Solely to Defeat Federal Jurisdiction

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). In particular, "an assessment as to the strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest this [c]ourt of jurisdiction." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). Thus, for example, in *Buttons v. Nat'l Broad. Co.*, upon which Target relies in opposing the Motion, the court found the claims against the non-diverse defendants to be "highly questionable" and further found that full relief could be obtained from the existing defendants, leading the court to conclude that the "primary

5

motive in plaintiff's seeking to amend his complaint to add these new defendants [was] to destroy diversity." 858 F. Supp. 1025, 1027 (C.D. Cal. 1994).

However, "suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *4 (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")). Thus, "[c]ourts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Reyes v. FCA US LLC*, No. 120CV00833DADSKO, 2020 WL 7224286, at *6 (E.D. Cal. Dec. 8, 2020).

Further, "[t]o state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility." *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *5. "Instead, 'under section 1447(e), the Court need only determine whether the claim 'seems' valid.' " *Id.* (quoting *Freeman v. Cardinal Health Pharmacy Servs.*, LLC, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (quoting *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011))). This standard is less stringent than the standards that apply on a motion to dismiss or a motion for summary judgment. *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-CAS(RAOX), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (internal quotations and citation omitted).

Here, Lopez has alleged that Rocha and Medina were Target employees who negligently failed to inspect and/or maintain the premises in a safe condition, allowing a creamlike substance to pool on the floor and causing Lopez's accident. *See* Compl. ¶¶ 3, 4, 8, 15-19, 24, 26, 27; Proposed FAC ¶¶ 3-6, 8, 11, 18-22, 27, 29, 30; *see also Pacheco v. Home Depot U.S.A., Inc.,* No. 24-CV-05590-EKL, 2025 WL 314146, at *2 (N.D. Cal. Jan. 28, 2025) (negligence and premises liability claims "share the same elements: 'a legal duty of care, breach of that duty, and proximate cause resulting in injury.'" *Pacheco*, 2025 WL 314146, at *2 (quoting *Kesner v. Superior Ct.*, 1

Cal. 5th 1132, 1158 (2016))). While it is true that Lopez's allegations are "meager and generalized," "the theory of liability is a familiar one" and federal courts in slip-and-fall cases removed on the basis of diversity jurisdiction have routinely permitted joinder of non-diverse employees in cases involving similar allegations. *See, e.g., Pacheco*, 2025 WL 314146, at *2 (granting motion to remand and rejecting Home Depot's argument that allegations about nondiverse defendants were too vague and nonspecific in slip-and-fall case); *Berryhill v. Costco Wholesale Corp.*, No. 2:23-CV-00315 WBS AC, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) (granting motion to remand and rejecting fraudulent joinder argument in slip-and-fall case and observing that the defendant's arguments would require the court to engage in a "searching inquiry into the merits of the plaintiff's case, which is inappropriate when considering fraudulent joinder." (internal quotations and citations omitted)); *Nieves v. Costco Wholesale Corp.*, No. 3:22-cv-00977 JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (rejecting fraudulent joinder argument and remanding slip-and-fall premises liability case naming Costco store manager as a defendant despite declaration from manager stating that they were not present in the store on the day of the alleged injury).

In sum, the Court concludes that Lopez's claims against Rocha and Medina appear valid and therefore, that she is not seeking to add them as defendants solely to destroy diversity. Therefore, these factors favor granting the Motion.

### E.  Prejudice

Target does not assert that it will be prejudiced if Lopez is permitted to join Medina and Rocha as defendants in this action and the Court finds that it will not be given the early stage of the case.

### IV.  CONCLUSION

The Court finds that the *IBC Aviation* factors weigh in favor of granting Lopez's request for leave to amend to add Rocha and Medina as defendants. Therefore, the Court GRANTS the Motion as to that request. It is Plaintiff's responsibility to file the Proposed FAC as a separate pleading on the docket of this case. Within 30 days, Defendant Target's counsel will determine whether they will also be representing the new defendants and file a consent or declination to

magistrate jurisdiction on behalf of the new defendants, or a notice informing the Court that the new defendants will be retaining separate counsel. At that time, the Court will address Plaintiff's request to remand the case to State Court in a separate Order or Report and Recommendation, as appropriate.

**IT IS SO ORDERED.**

Dated: October 29, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge